IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCE SAITTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MELODY RAE MOTORS, INC.<br>d/b/a HONDA ON GRAND,<br><br>　　　　Defendant. | Case No. 08 CV 5018<br><br>Honorable Rebecca R. Pallmeyer<br>　Judge Presiding<br>Magistrate Judge Nolan |

**FIRST AMENDED COMPLAINT**

NOW COMES, Plaintiff, VINCE SAITTA, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, MELODY RAE MOTORS, INC. d/b/a HONDA ON GRAND, states as follows:

**PRELIMINARY STATEMENT**

1.　This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.　Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, VINCE SAITTA, is a Sicilian-American citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, MELODY RAE MOTORS, INC. d/b/a HONDA ON GRAND, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

### COUNT I - NATIONAL ORIGIN DISCRIMINATION - § 1981

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Defendant hired Plaintiff as a new car Sales Representative on March 13, 2007.

8. By March 26, 2007, Plaintiff was promoted to a used car Sales Representative, a position that greatly enhanced Plaintiff's salary.

9. Throughout Plaintiff's employment with Defendant, Plaintiff has performed to Defendant's legitimate expectations as evidenced by Plaintiff being awarded top salesman in 2007, numerous compliments from Defendant's customers, and his continued employment.

10. From the onset of Plaintiff's employment, members of Defendant's management, all non-Sicilian-Americans, including, but not limited to John Ridings, General Manager and Owner, Ray Abdi, Sales Manager, and Gene Khaytin, Used Car Manager, subjected Plaintiff to constant and daily insults, extremely offensive to Plaintiff, on the basis of Plaintiff's national origin, Sicilian-American, including, but not limited to:

    a. "Nigger," "Black Blood," and "Melanzana" on the purport that Sicily at a point in its history was "conquered by Africans";

      b.      "Guido";

      c.      "Greaseball";

      d.      "Dirtbag";

      e.      "Wop";

      f.      A member of the "Mafia";

      g.      "Scumbag Sicilian"; and

      h.      told that Plaintiff's "ancestors were raised like sheep."

11. Plaintiff's coworkers, all non-Sicilian-Americans, further participated in the hostile work environment imposed upon Plaintiff on account of Plaintiff's national origin by also subjecting Plaintiff to daily derogatory remarks on account of his national origin.

12. In addition to the derogatory statements made about Plaintiff's national origin, Defendant further siphoned customers from Plaintiff to give to Defendant's non-Sicilian-American employees in contravention of Defendant's policies, ignoring that Plaintiff's livelihood is entirely contingent on his ability to receive commissions from sales to his customers.

13. On information and belief, contrary to the treatment Plaintiff was afforded, Defendant followed its policies of bringing customers to the appointments of its non-Sicilian-American Sales Representatives.

14. Defendant's management additionally distributed Plaintiff's commissions to its non-Sicilian-American employees further depriving Plaintiff of wages owed to him due to the sales being made to Plaintiff's customers.

15. On information and belief, contrary to the treatment Plaintiff was afforded, Defendant provided full commissions to its non-Sicilian-American Sales Representatives.

16. Plaintiff was further falsely accused of stealing on numerous occasions, while non-Sicilian-American Sales Representatives were not similarly accused of stealing.

17. On information and belief, the only other employee of Sicilian national origin employed by Defendant was Phillip Foti, who similarly experienced harassment on account of his national origin, and who quit on or about December 2007 after Ray Abdi, Sales Manager, told Foti to get his "nigger, goomba, greaseball ass" over to him.

18. On or about April 10, 2008, Plaintiff was falsely written by Khaytin upon on the sole basis that he was helping an Arabic customer, Mohammed Elewa.

19. At all relevant times, Plaintiff opposed the hostile work environment imposed upon him because of Plaintiff's national origin by making complaints to Ridings, Chuck Perrin, Vice President, Dave Solomon, General Sales Manger, and Richard Walker, Sales Manager, to no avail.

20. Despite Plaintiff's complaints of harassment and discrimination to Defendant's management, the hostile work environment imposed upon Plaintiff was unrelenting and ensued after Plaintiff's complaints to Defendant's management and ownership.

21. Following Plaintiff's statutorily protected complaints of national origin discrimination and harassment, Plaintiff was still subjected to insults on the basis of his national origin, including an instance when a coworker, Danny Estevez called Plaintiff a "Sicilian Scumbag" approximately two (2) feet from Plaintiff's customer.

22. Plaintiff immediately made a complaint to Abdi about Estevez's conduct; however, Abdi, instead of taking any remedial action against Estevez, reprimanded Plaintiff on account of Estevez being Abdi's "boy."

23. The harassment that ensued after Plaintiff made his complaints of national origin

harassment and discrimination also included Plaintiff's desk being vandalized with extremely offensive and obscene pictures of transvestite prostitutes.

24. On one extremely egregious occasion, an employee of Defendant taped a picture of a transvestite prostitute to the portrait of Plaintiff's baby daughter set on Plaintiff's desk.

25. On June 8, 2008, following shortly after Plaintiff's complaints of mistreatment, Plaintiff was fired by Khyatin from his position as a used cars Sales Representative on the express purport that Khyatin was "sick of [Plaintiff's] shit."

26. On June 8, 2008, the same day Khyatin terminated Plaintiff's employment, Defendant rehired Plaintiff, as a new cars Sales Representative on the basis given by Solomon, Defendant's General Sales Manager, that Khyatin's treatment of Plaintiff was unfair.

27. On June 11, 2008, Plaintiff had a meeting with Ridings, Khyatin, and Solomon to complain about the mistreatment he was receiving on the basis of his national origin; however, Ridings, Khyatin, and Solomon told Plaintiff that Plaintiff was a "rat," "a liar," and should quit if he did not like his treatment.

28. On August 19, 2008, Ridings and Adbi made the ridiculous false accusation against Plaintiff for stealing 70 cents from an ashtray in a vehicle that was a recent trade-in.

29. On information and belief, Defendant never took any remedial or investigatory action to address any of Plaintiff's numerous complaints of a hostile work environment, as evidenced by Plaintiff still working in a hostile work environment.

30. On September 4, 2008, one day after filing Plaintiff's Complaint against Defendant for national origin discrimination and retaliation with United States District Court, Northern District of Illinois, Eastern Division, Defendant terminated Plaintiff's employment on the given basis that

Plaintiff filed a lawsuit of discrimination against Defendant.

31.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his national origin, Sicilian-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

32.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VINCE SAITTA, prays for judgment against Defendant, MELODY RAE MOTORS, INC. d/b/a HONDA ON GRAND, and respectfully requests that this Court:

- A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

- B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

- C. Order Defendant to make whole VINCE SAITTA by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

- D. Order Defendant to pay lost, foregone, and future wages to VINCE SAITTA;

- E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

Case 1:08-cv-05018 Document 11 Filed 09/05/2008 Page 7 of 9

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - § 1981

33.    Paragraphs one (1) through thirty (30) are incorporated by reference as if fully set out herein.

34.    Throughout his employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by submitting complaints on the basis of national origin discrimination and harassment with Defendant's appropriate representatives.

35.    Plaintiff expressed to his direct supervisors his opposition to the abusive, demeaning and discriminatory terms and conditions of employment on the basis of his national origin to which he was subjected.

36.    In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant terminated Plaintiff's employment, continued to subject Plaintiff to abusive and demeaning conditions of employment, and deprived Plaintiff of commissions and wages.

37.    On September 4, 2008, one day after Plaintiff engaged in the statutorily protected activity of filing a Complaint against Defendant for national origin discrimination and retaliation with United States District Court, Northern District of Illinois, Eastern Division, Defendant terminated Plaintiff's employment on the given basis that Plaintiff filed a lawsuit for discrimination against Defendant.

38.    The aforementioned acts and omissions of Defendant constitute retaliation against

7

Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

39.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VINCE SAITTA, prays for judgment against Defendant, MELODY RAE MOTORS, INC. d/b/a HONDA ON GRAND, and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.  Order Defendant to make whole VINCE SAITTA by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone, and future wages to VINCE SAITTA;

E.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.  Grant Plaintiff his attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## JURY TRIAL DEMAND

40.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                                                                        Respectfully submitted,

                                                                        VINCE SAITTA, Plaintiff,


                                                                        By_____/s  Lisa Kane_____
                                                                           VINCE SAITTA, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, Vince Saitta, declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2008.

_____
Vince Saitta